# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENIS J. MAHORNE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | Case No. 1:19-cv-00036 EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

　　　　This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7, 8).

　　　　At a hearing on March 12, 2020, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

　　　　Plaintiff challenges the decision of the Administrative Law Judge ("ALJ") on the ground

that the ALJ erred in rejecting the opinions of examining physician Dr. Michiel without sufficiently specific and legitimate reasons.

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830–31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

Here, Dr. Michiel's opinions were contradicted by state agency consultants and an examining physician. Thus, the Court looks to whether the ALJ provided specific and legitimate reasons supported by substantial evidence.

The ALJ's opinion included the following discussion regarding Dr. Michiel's opinion:

> I have read and considered the psychological consultative examination conducted by Ekram Michiel, M.D., a Board certified psychiatrist (Ex. 10F). On December 3, 2016, Dr. Michiel interviewed, observed, and examined the claimant. Dr. Michiel conducted a mental status examination and reported the claimant was generally within normal limits besides exhibiting a depressed mood and a tearful affect (Ex. 10F/4-5). Based on the examination, Dr. Michiel diagnosed the claimant with a mood disorder due to other general medical condition of lupus and gave the claimant a Global Assessment of Functioning ("GAF") score of 50 (Ex. 10F/5). Dr. Michiel opined the claimant is unable to maintain attention and concentration to carry out simple job instructions but there are no restrictions on activities of daily living (Ex. 10F/6).

> Here, I give very little weigh [sic] to the opinion of Dr. Michiel as it is inconsistent with the record as well as claimant's demeanor at hearing. There is no indication or mental health treatment records to support Dr. Michiel's opinion. . . . I determined the claimant had no severe mental health limitations based upon a review of her treatment records. The claimant's mental status examinations indicate the claimant was within normal limits.

(Administrative Record ("A.R.")24-25) (footnotes omitted).

The ALJ's summary of the record is accurate. Dr. Michiel's opinion is based on one examination. Many of the mental status tests were within normal limits, although Plaintiff appeared depressed and tearful during the examination. The medical records otherwise repeatedly report that Plaintiff's psychiatric systems are within normal limits. (E.g., A.R. 536, 540, 541).

Indeed, there is only one page outside of Dr. Michiel's opinion that refers to any mental health treatment or diagnosis. (A.R. 25, 467). That record is a one-page treatment summary by the therapist Michelle Holguin, which is discussed by the ALJ later in his opinion. That note indicates that Plaintiff "sought therapy for symptoms of Depression present as of 17 years of age per her report." The note summarizes that "After 3 sporadic sessions client reported she wasn't able to be consistent in therapy because of physical health issues. Case was closed." (A.R. 467). There are no further medical records supporting any mental health limitations. As the ALJ describes, this opinion "is brief, conclusory, and inadequately supported by clinical findings." (A.R. 25)

Given the contradictory opinions of other medical sources, the lack of support in the record for a mental health impairment, and the otherwise normal findings, the Court finds that the ALJ's reasons for giving little weight to Dr. Michiel's opinion were sufficiently specific and legitimate and supported by substantial evidence.

Thus, the decision of the Commissioner of Social Security is hereby affirmed.

\\\
\\\
\\\
\\\

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**March 12, 2020**__      /s/ Eric P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE